Frederick Fleck, Administrator, Appellee, v. Joseph Weipert, Appellant.

Gen. No. 20,801.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915.

## Statement of the Case.

Suit by Frederick Fleck, administrator *de bonis non* of the estate of Marie Weipert, deceased, against Joseph Weipert to recover the proceeds of a sale of a certain saloon business located at 628 Wells street, Chicago. The defendant was the reputed husband of said Marie Weipert, and they lived together as husband and wife for a number of years, and upon the death of the said Marie Weipert, October 7, 1912, the defendant "as surviving husband of the deceased" was appointed administrator of her estate. The defendant operated a saloon and restaurant at 628 Wells street, Chicago; also a saloon at Lincoln and Wrightwood avenues, Chicago. The defendant resigned as administrator of the estate of said Marie Weipert, deceased, November 27, 1912, and the plaintiff, a brother of the deceased, was appointed administrator *de bonis non* of said estate on December 2, 1912. During the time that the defendant was acting as administrator of the said estate, he sold the business at 628 Wells street for $4,200. The case was tried before the court and a jury, and the issues were found for the plaintiff and the damages were assessed at $4,200. Judgment was entered on the finding and this appeal followed.

MICHAEL KOCH, for appellant; DELBERT A. CLITHERO, of counsel.

BRADLEY, HARPER & EHEIM, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 93*—*when instruction as to credibility of witnesses erroneous.* An instruction which in effect authorizes the impeachment of a witness as to an immaterial matter in his testimony, in reference to which he has made different and contradicting statements in former occasions, is erroneous.

2. WITNESSES, § 275*—*what is effect of contradictory statements of witness.* Proof of different and contradictory statements of a witness as to a material matter made on former occasions is merely evidence tending to impeach such witness, to be considered by the jury in estimating the weight of the testimony.

3. WITNESSES, § 282*—*when testimony of witness may be disregarded.* If a jury believe that a witness has wilfully sworn falsely to a material matter, or that he has been successfully impeached, they may disregard his entire uncorroborated testimony—otherwise not.

4. HUSBAND AND WIFE, § 210*—*when instruction as to effect of separation erroneous.* An instruction stating in effect that if a woman married a man in good faith and afterwards learned that he had another wife living, and they agreed to separate, such agreement was sufficient consideration to support a transfer of property from such man to the woman, is erroneous, since it was the duty of the woman on learning of the former marriage to cease living in adultery, and the agreement to separate did not extinguish any claim or right which the woman might have against the man.

---

## Thomas Kennedy by Peter Koenen, Appellee, v. City of Chicago, Appellant.

### Gen. No. 20,849.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.